UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

**ENNIS LEE BROWN,**

                       Plaintiff,

  v.                                            **Case No. 15-cv-509-pp**

**MILWAUKEE COUNTY JAIL,
ATTORNEY J. HICKS,
SARA B. LEWIS,
JOHN BARRETT,
JEREMY PERRI,
OFFICE OF LAWYER REGULATION,
and JANE AND JOHN DOES,**

                       Defendants.

---

**DECISION AND ORDER GRANTING THE PLAINTIFF'S MOTION TO PROCEED *IN FORMA PAUPERIS* (DKT. NO. 2), DENYING PLAINTIFF'S MOTION TO APPOINT COUNSEL (DKT. NO. 9), DENYING PLAINTIFF'S PETITION FOR JOHN DOE (DKT. NO. 14), DENYING THE PLAINTIFF'S PETITION TO LEAVE PROCEEDS OF SUIT TO FAMILY UPON DEATH (DKT. NO. 18), AND SCREENING COMPLAINT**

---

The *pro se* plaintiff is a prisoner at Waupun Correctional Institution. He filed this lawsuit under 42 U.S.C. §1983, Dkt. No. 1, along with a petition to proceed *in forma pauperis*, Dkt. No. 2. He has also asked the court to appoint him counsel, Dkt. No. 9, and has made other requests. This order resolves those requests and motions, and screens the plaintiff's complaint.

**<u>Motion to Proceed *In Forma Pauperis*</u>**

On May 21, 2015, the court issued an order requiring the plaintiff to pay an initial partial filing fee of $14.13. Dkt. No. 8. The court received that initial partial filing fee from the plaintiff on June 1, 2015. Accordingly, the court will

1

grant the plaintiff's petition to proceed *in forma pauperis* because he lacks funds to prepay the full filing fee, see 28 U.S.C. §1915(b), and will allow him to pay the remainder of the $350 filing fee in installments as described at the end of this order.

**Motion for Appointment of Counsel**

In his motion to appoint counsel, the plaintiff states that his imprisonment will greatly limit his ability to litigate this complex case and that he has limited knowledge to the law library. Dkt. No. 9 at 1. The plaintiff also alleges that he has a "severe mental disability," and that other inmates have assisted him with this case. Id. at 2. He states that he has "made repeated efforts" to find an attorney on his own, and attaches five letters from lawyers (all dated in late April or early May 2015) indicating that they cannot represent him. Id. at 2; Dkt. No. 9-1.

In a civil case, the court has discretion to decide whether to recruit a lawyer for someone who cannot afford one. Navejar v. Iyola, 718 F.3d 692, 696 (7th Cir. 2013); 28 U.S.C § 1915(e)(1); Ray v. Wexford Health Sources, Inc., 706 F.3d 864, 866-67 (7th Cir. 2013). First, however, the person has to make a reasonable effort to hire private counsel on their own. Pruitt v. Mote, 503 F.3d 647, 653 (7th Cir. 2007). After the plaintiff makes that reasonable attempt to hire counsel, the court then must decide "whether the difficulty of the case – factually and legally – exceeds the particular plaintiff's capacity as a layperson to coherently present it." Navejar, 718 F.3d at 696 (citing Pruitt, 503 F.3d at 655). To decide that, the court looks, not only at the plaintiff's ability to try his

2

case, but also at his ability to perform other "tasks that normally attend litigation," such as "evidence gathering" and "preparing and responding to motions." Id.

The plaintiff has met the first prong of the Pruitt test—he has demonstrated to the court that he made efforts to find counsel on his own, and was unable to do so.

With regard to the second prong of the Pruitt test, however, the court concludes that, at this point, the plaintiff's case is not so complex that he cannot handle it himself. Indeed, as the court discusses below, the complaint raises arguments that the plaintiff has raised in two other cases in this court. He has made these arguments before—he clearly states them in this case. He hints at other arguments that he has not made in previous cases, and as stated below, the court is going to give him the opportunity to amend his complaint to flesh out those arguments. But they, too, are factual arguments—all he will need to do in an amended complaint is explain who did what to him, and when. The court is confident that at this stage of the proceedings, the plaintiff is capable of competently representing himself. If things become more complicated later in the case, the plaintiff can renew his request that the court appoint a lawyer to assist him.

**Petition for a Civil Rights Investigation/John Doe Investigation**

On July 22, 2015, the plaintiff filed a document entitled "Petition for Civil Right Investigation per 18 U.S.C. 241 & 42 U.S.C. 1414 Petition for John Doe Per: Wis. Stat. 968.26." Dkt. No. 14. The heading of the document names both

3

the court for the Eastern District of Wisconsin and the Wisconsin Supreme Court. The plaintiff addresses the pleading to Judge Pepper (the judge in this federal case), Chief Justice Patience Roggensack (who is the chief justice of the Wisconsin Supreme Court), and Attorney General Loretta Lynch. Id. at 1. But in the body of the pleading, the plaintiff asks Chief Justice Roggensack to open a John Doe investigation under Wisconsin law.

The first law the plaintiff cites in this motion is 18 U.S.C. §241. This statute is a federal criminal statute that allows the United States government—the federal prosecutor—to bring charges if two or more people conspire to deprive someone of his or her civil rights. A private citizen, such as the plaintiff, cannot sue someone under 18 U.S.C. §241; only a federal prosecutor (such as the United States Attorney or the Attorney General) may bring charges under this statute. This court does not have the authority to begin an investigation into whether violations of this statute occurred. If the plaintiff wishes someone to begin such an investigation, he should report his allegations either directly to the United States Attorney General or to the United States Attorney's Office.

The second statute the plaintiff cites is 42 U.S.C. §1414. There is no section 1414 in Title 42 of the United States Code.

The final statute the plaintiff cites is Wis. Stat. §968.26. This is the section of the Wisconsin statutes that states that if a district attorney asks a Wisconsin judge to do so, the judge shall convene a John Doe proceeding to investigate whether a crime has been committed. Wis. Stat. §968.26(1m). The

4

statute requires that if the person making the request is *not* a district attorney, the Wisconsin judge must refer the complaint to the district attorney or another prosecutor. Wis. Stat. §968.26(2)(am). This court is a federal court. It does not have the authority to open a John Doe investigation; only Wisconsin judges or justices have that authority. And only a district attorney has the authority to make a John Doe request. If the plaintiff wishes a Wisconsin judge to open a John Doe investigation, he should report his allegations to the district attorney in Milwaukee County.

For the above reasons, the court will deny the plaintiff's motion for a civil rights investigation or John Doe proceeding.

**Petition to Leave Proceeds of Civil Suit to Family Upon Death**

On October 2, 2015, the plaintiff filed a document entitled "Petition to Leave Proceeds of Civil Suit to Family Upon Death." Dkt. No. 18. In this pleading, the plaintiff asks for two different things. First, he asks that if he dies before this case is over, the court allow his family to step in and pursue the case. Second, he attaches, as the last three pages of the pleading, a document entitled "Last Will & Testament of Ennis Lee Brown Sr.," in which he expresses his intent to leave all of his possessions—including the payment of any claims resulting from this lawsuit—to his family. As grounds for these requests, the plaintiff indicates that he was attacked and beaten by a cell mate, and then was threatened by that cell mate, and placed into segregation for his safety. The plaintiff indicates that it is for this reason that he is concerned that he may not survive the completion of his lawsuit.

5

As an initial matter, federal courts must not decide issues unless they are "ripe." That means that a court can't issue a decision about something that hasn't happened yet, just in case it happens. Second, the issue of whether a plaintiff's "estate" may proceed with a lawsuit after a plaintiff has passed away is a complicated one—even more reason why this court should not take it upon itself to decide the issue while the plaintiff remains active on his own behalf. Finally, the plaintiff has filed the "Last Will & Testament" with the court. This court does not need to take any action on that document's direction that any proceeds from this suit should go to the plaintiff's family. There are laws in Wisconsin that govern the validity of "testamentary" documents such as wills. The question of whether the document the plaintiff has filed with this court constitutes a valid will in the state of Wisconsin is one that a Wisconsin probate court would have to decide if ever the document was challenged after the plaintiff's death.

For these reasons, the court will deny the plaintiff's motion to the extent that it asks the court to decide now whether his family can continue with this lawsuit in the event of his death, and will deny the motion to the extent that it asks to leave any proceeds of this suit to the plaintiff's family because it is not this court's order which governs what the plaintiff intends to do with his possessions after his death.

**Screening of Plaintiff's Complaint**

The law requires the court to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a

governmental entity. 28 U.S.C. §1915A(a). The court must dismiss a complaint or portion thereof if the plaintiff raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b).

A claim is legally frivolous "'when it lacks an arguable basis either in law or in fact.'" Denton v. Hernandez, 504 U.S. 25, 31 (1992) (quoting Neitzke v. Williams, 490 U.S. 319, 325 (1989)). The court may, therefore, dismiss a claim as frivolous where it is "based on an indisputably meritless legal theory" or where the factual contentions are clearly "baseless." Neitzke, 490 U.S. at 327. "Malicious," although "sometimes treated as a synonym for 'frivolous,' . . . is more usefully construed as intended to harass." Lindell v. McCallum, 352 F.3d 1107, 1109-10 (7th Cir. 2003) (internal citations omitted).

To state a cognizable claim under the federal notice pleading system, the plaintiff must provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). A plaintiff does not need to plead specific facts, and his statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). However, a complaint that offers "labels and conclusions" or "formulaic recitation of the elements of a cause of action will not do." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 555). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is

7

plausible on its face." Id. (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). The complaint allegations "must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citation omitted).

In considering whether a complaint states a claim, courts follow the principles set forth in Twombly. First, they must "identify[] pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Iqbal, 556 U.S. at 679. A plaintiff must support legal conclusions with factual allegations. Id. Second, if there are well-pleaded factual allegations, courts must "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Id.

To state a claim for relief under 42 U.S.C. §1983, a plaintiff must allege that the defendants: 1) deprived him of a right secured by the Constitution or laws of the United States; and 2) acted under color of state law. Buchanan-Moore v. Cnty. of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009) (citing Kramer v. Vill. of N. Fond du Lac, 384 F.3d 856, 861 (7th Cir. 2004)); see also Gomez v. Toledo, 446 U.S. 635, 640 (1980). The court is obliged to give the plaintiff's *pro se* allegations, "however inartfully pleaded," a liberal construction. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)).

8

The plaintiff has named as defendants the Milwaukee County Jail, Attorney J. Hicks, Assistant District Attorney Sara B. Lewis, Milwaukee County Clerk of Court John Barrett, State Public Defender Jeremy Perri, the Office of Lawyer Regulation, and Jane and John Does. The majority of the complaint allegations relate to a claim that the plaintiff previously has raised in two other lawsuits filed in this district: the constitutionality of his state criminal conviction.[1]

The first federal case the plaintiff filed, Brown v. Wisconsin, Case Number 14-CV-872-CNC (E.D. Wis.), was a *habeas* petition filed under 28 U.S.C. §2254. That *habeas* petition raised multiple constitutional challenges to his state court conviction.

> In ground one, Brown attacks pretrial matters—he asserts that he was arrested illegally and that his Miranda rights were violated. In ground two Brown attacks the conduct of the prosecution—he asserts, among other things, prosecutorial misconduct, multiplicity, vindictive prosecution, and due process violations. Ground three is aimed at the trial court's actions; Brown asserts violations of his rights to a speedy trial, due process, to choose and fire counsel, and to represent himself. This ground for relief and the facts section of Brown's filing charges that his first attorney, Michael J. Hicks, was suspended from practice yet represented Brown during the suspension, thereby suggesting a claim of ineffective assistance of counsel. Ground four is aimed at the prosecution and court, charging denial of discovery, denial of a public hearing and trial, denial of the right to represent himself, denial of the right to attend the trial, and denial of the right to confront his accusers.

(Brown v. Wisconsin, Case No. 14-CV-872-CNC (E.D. Wis.) Dkt. No. 33 at 3-4.)

---

[1] The plaintiff acknowledges that he previously began a lawsuit relating to the same facts involved in this action, and he cites to his prior §1983 case, Case No. 14-CV-795-CNC.

On February 2, 2015, Judge Clevert dismissed the *habeas* petition without prejudice for failure to exhaust state-court remedies. In other words, Judge Clevert dismissed the *habeas* petition because the plaintiff had not completed the state court appeal of his criminal conviction.

The second case, Brown v. Hicks, et al., Case No. 14-CV-795-CNC (E.D. Wis.), was a 42 U.S.C. §1983 lawsuit, in which the plaintiff again alleged that his appointed counsel had been suspended from practice at the time he represented the plaintiff, and alleging that his criminal conviction was invalid. He asked the court to conduct an investigation of the State Public Defender and his appointed lawyer, asked to be released from prison, and sought monetary damages. On October 31, 2014, Judge Clevert dismissed that case without prejudice, and directed the plaintiff to file a *habeas* petition if he wanted to attack an alleged wrongful criminal conviction. Id. at Dkt. No. 14. (Judge Clevert noted that Mr. Brown had recently filed a *habeas* petition based on his criminal conviction, Case No. 14-CV-872-CNC. Id.)

In this case, which he filed approximately six months after Judge Clevert dismissed his last §1983 case, the plaintiff alleges that defendant Attorney J. Hicks (also referred to in his complaint as "Michael J. Hicks"), his public defender, did not have a valid license to practice, which resulted in violation of the plaintiff's constitutional rights at his criminal trial. Dkt. No. 1 at 4. Specifically, he alleges that the license suspension unnecessarily delayed the plaintiff's trial, which resulted in his illegal detention (without charges having been filed) at the Milwaukee County Jail from July 26, 2012, through June 28,

10

2013. Id. at 8. The plaintiff also alleges that Attorney Hicks knowingly practiced law without a license. Id. at 4-5. He alleges that defendant Assistant District Attorney Sara B. Lewis knew that Attorney Hicks did not have a license, and that she conspired with him to sabotage the plaintiff's criminal trial, which included holding the plaintiff hostage in jail until he signed the waiver of right to an attorney, using false charges and false evidence, and deliberately misleading the jury. Id.

The plaintiff also alleges that Attorney Jeremy Perri and John and Jane Does (allegedly supervisors from the State Public Defender's Office) deliberately appointed Attorney Hicks to represent him, even though they knew Attorney Hicks' license had been suspended. Id. at 5. He argues that this violated his Sixth, Eighth and Fourteenth Amendment rights. Id.

The plaintiff alleges that the Milwaukee County Jail violated his Eighth Amendment right to be free from cruel and unusual punishment when it housed him with "already convicted inmates due to the fact that [he] was not allegedly charged until June 28, 2013 contrary to the D.A.'s minestery [sic] duty . . . ." Id. at 3.

Next, the plaintiff alleges that from July 31, 2012 to October 7, 2013, defendant Clerk of Court John Barrett "held numerous hearings to make it appear the case was on the docket, yet the case was never processed with the Clerk of Courts." Id. at 9. He alleges that these "fake" court dates were used to make it appear as though there was a valid court process, and to disguise the

11

fact that a crime was being committed, in order to mislead the public and the plaintiff. According to the plaintiff,

> [t]here is no official circuit court docket – the clerk failed to do his duty and it clearly shows the state failed to process me and I was falsely imprisoned, convicted, tortured, beaten, starved, denied medical attention and the basic of human rights[.]

Id. at 10.

Finally, the plaintiff alleges that the Wisconsin Office of Lawyer Regulation was aware that Attorney Hicks had been suspended, but that it deliberately turned a blind eye to the plaintiff's constitutional rights. Id. at 7. He argues that the Office of Lawyer Regulation is supposed to "correct attorneys' misconduct(s)," but that it ignored the fact that an unlicensed lawyer was representing the plaintiff, thus allowing him to suffer injustice. Id. at 7-8.

As an initial matter, the plaintiff may not proceed on claims that challenge his criminal conviction, i.e., that his trial counsel was ineffective or that his trial was otherwise unconstitutional, in this §1983 action. Such claims are barred by Heck v. Humphrey, 512 U.S. 477, 486-87 (1994), which bars any suit under §1983 where "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction" unless the conviction has already been invalidated. As Judge Clevert told the plaintiff when he dismissed the last §1983 case in October 2014, the proper way for someone to challenge the validity of a state criminal conviction in federal court is to file a petition for a writ of *habeas corpus* under 28 U.S.C. § 2254. Before a federal court may consider the merits of a *habeas* petition, however, the plaintiff must have

12

exhausted his state court remedies, including completing his state-court appeal of his criminal conviction.

Wisconsin court online records reveal that the plaintiff's appeal (State v. Ennis Lee Brown, Court of Appeals District I, Case No. 2015AP522-CR) of his criminal case (State of Wisconsin v. Ennis Lee Brown, Milwaukee County Case No. 2012CF3796) may recently have been completed, although it is not entirely clear. On October 9, 2015, the District I Court of Appeals issued its decision affirming the state court conviction. (Decision available at www.wicourts.gov.) The plaintiff filed a petition for review with the Wisconsin Supreme Court on October 16, 2015. On November 18, 2015, there is a docket entry that reads, "Opinion Ordered Unpublished." The last entry on the Court of Appeals docket is dated December 3, 2015, and states, "Remittitur." Wis. Stat. §809.26(1) indicates that "remittitur" is when the clerk of the Court of Appeals must transmit that court's judgment and the court record to the circuit court within thirty-one days of the date of the decision, unless the losing party files a petition for review with the Wisconsin Supreme Court. In that case, the Court of Appeals holds off on transmitting the decision to the circuit court "until the supreme court rules on the petition." Id.

It is not clear to this court whether the November 18, 2015 docket entry, combined with the December 3, 2015 remittitur, indicates that the Wisconsin Supreme Court has ruled on the plaintiff's petition for review. If the Supreme Court has not yet ruled, then it would be premature for the plaintiff to file a *habeas* petition at this time. If the Wisconsin Supreme Court has granted the

13

plaintiff's petition for review, it also is premature for the plaintiff to file a federal *habeas* petition; he would have to wait for the Supreme Court to decide the merits of his case. If the Wisconsin Supreme Court has denied the plaintiff's petition for review, the law gives the plaintiff a period of time to file a *habeas* petition. (The court will mail the plaintiff the court's *habeas corpus* form petition, which he may use once he makes sure that he has exhausted state court remedies, and the court's guide, "Habeas Corpus: Answers to State Petitioners' Common Questions.") Regardless, because a §1983 suit is not the proper way to attack the validity of a state criminal conviction, the court will not allow the plaintiff to proceed on those claims.

In addition to challenging the validity of his conviction, the plaintiff's current complaint also contains brief allegations that suggest that he is trying to raise claims related to his conditions of confinement at the Milwaukee County Jail. These allegations are that the plaintiff was tortured, beaten, starved, and denied medical attention during his confinement at the Milwaukee County Jail. Dkt. No. 1 at 10, ¶23. The complaint, however, does not say which particular individuals at the Milwaukee County Jail did these things to the plaintiff. He also does not provide any details as to what happened and when it happened. If the plaintiff wants the court to consider these allegations, he must file an amended complaint. The amended complaint should identify, by name, who allegedly tortured the plaintiff, who beat him, who starved him, and who denial him medical attention. If the plaintiff doesn't know the names of the individuals personally involved in his claims, he may call them John or Jane

14

Doe(s), and describe them (by, for example, identifying their job title, such as "nurse" or "Lieutenant, first shift"). The plaintiff also must describe what, exactly, each individual did to him, and, as much as possible, when they did it. For example, if the plaintiff wishes to allege that someone denied him food, he could state something like, "On March 5, 2015, Lieutenant Jones refused to give me my lunch tray, and I did not eat lunch that day."

If the plaintiff wants to proceed on his claims that he was tortured, beaten, starved and denied medical attention at the Milwaukee County Jail, he must file an amended complaint, describing the details that the court discussed above. He must not include in the amended complaint any allegations attacking the validity of his state court conviction—as the court has indicated, the proper way for him to challenge the validity of that conviction is by filing a *habeas corpus* petition once he is sure he has exhausted his state remedies. He must file the amended complaint on or before **February 19, 2016**. If he doesn't file the amended complaint on or before that date, the court may dismiss the plaintiff's case.

The amended complaint must contain the docket number assigned to this case and must be labeled "Amended Complaint." The amended complaint will supersede the prior complaint, and must be complete in itself without reference to the original complaint. See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84, 133 F.3d 1054, 1056-57 (7th Cir. 1998). If the plaintiff files the amended complaint by the deadline the court set—February 19, 2016—the court will screen it under 28 U.S.C. §1915A.

Again, the court reminds the plaintiff that the amended complaint in this 42 U.S.C. § 1983 action may only contain allegations and claims related to his conditions of confinement. If the plaintiff want to challenge his criminal conviction, he may file a *habeas corpus* petition pursuant to 28 U.S.C. § 2254 after he exhausts his state court remedies.

**Conclusion**

The court **GRANTS** the plaintiff's motion for leave to proceed *in forma pauperis*. Dkt. No. 2.

The court **DENIES WITHOUT PREJUDICE** that plaintiff's motion to appoint counsel. Dkt. No. 9.

The court **DENIES** the plaintiff's petition for a civil rights investigation or John Doe investigation. Dkt. No. 14.

The court **DENIES AS UNNECESSARY** the plaintiff's petition for to leave the proceeds of this civil suit to his family. Dkt. No. 18.

The court **ORDERS** that on or before **February 19, 2016**, the plaintiff may file an amended complaint complying with the requirements the court set out above.

The court also **ORDERS** that the Secretary of the Wisconsin Department of Corrections or his designee shall collect from the plaintiff's prisoner trust account the $335.87 balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the clerk of court each time the amount in the account

16

exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The Secretary or his designee shall clearly identify these payments by the case name and number.

The court will mail the plaintiff the court's *habeas corpus* form petition, and the court's guide, "Habeas Corpus: Answers to State Petitioners' Common Questions."

The court also **ORDERS** that, pursuant to the Prisoner E-Filing Program, the plaintiff shall submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the court. The Prisoner E-Filing Program is in effect at Dodge Correctional Institution, Green Bay Correctional Institution, Waupun Correctional Institution, and Wisconsin Secure Program Facility and, therefore, if the plaintiff is no longer incarcerated at one of those institutions, he must submit all correspondence and legal material to:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

The court will mail of a copy of this order to the Warden at Waupun Correctional Institution.

Dated at Milwaukee this 12th day of January, 2016.

BY THE COURT:

_____
HON. PAMELA PEPPER
United States District Judge

17

Case 2:15-cv-00509-PP   Filed 01/12/16   Page 17 of 17   Document 21