UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

**ENNIS LEE BROWN,**

    Plaintiff,

v.                **Case No. 15-cv-509-pp**

**MILWAUKEE COUNTY JAIL, et al.,**

    Defendants.

---

**DECISION AND ORDER DENYING PLAINTIFF'S
PETITION TO REVIEW DECISON (DKT. NO. 22)**

---

  The plaintiff has filed a "petition" asking the court to review its January 12, 2016 order screening his complaint. In that order, the court determined that the plaintiff could not challenge his criminal conviction in this civil rights action. Dkt. No. 21 at 12-14. The court advised the plaintiff that he could file an amended complaint if he wanted to proceed on his allegations that he was mistreated at the Milwaukee County Jail. Dkt. No. 21 at 14-16.

  In the "petition to review," the plaintiff contends that the court misapplied Heck v. Humphrey, 512 U.S. 477, 486-87 (1994) (suit under §1983 barred where judgment in plaintiff's favor would necessarily imply the invalidity of criminal conviction, unless conviction has been invalidated). According to the plaintiff, the Wisconsin State Public Defender's Officer appointed Attorney Mark Rosen to represent him in his criminal appeal, which violated his right to choose his own lawyer, or to proceed *pro se*.

  Federal Rule of Civil Procedure 54(b) provides in relevant part that:

1

> any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

A district court will grant a motion for reconsideration when: (1) the court has patently misunderstood a party; (2) the court has made a decision outside the adversarial issues presented to the court by the parties; (3) the court has made an error, not of reasoning, but of apprehension; (4) there has been a controlling or significant change in the law since the submission of the issue to the court; or (5) there has been a controlling or significant change in the facts since the submission of the issue to the court. Bank of Waunakee v. Rochester Cheese Sales Inc., 906 F.2d 1185, 1191 (7th Cir. 1990). Motions for reconsideration serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence. Caisse Nationale de Credit Agricole v. CBI Indus., Inc., 90 F.3d 1264, 1269 (7th Cir. 1996). "Reconsideration is not an appropriate forum for rehashing previously rejected arguments or arguing matters that could have been heard during the pendency of the previous motion." Id. at 1270.

First, the court did not misapply Heck: an alleged Sixth Amendment violation at the appellate level is a challenge to the original conviction—the very thing that Heck says a plaintiff may not challenge in a §1983 case. Second, the plaintiff is incorrect the Public Defender violated his Sixth Amendment rights by selecting his attorney for him; the Sixth Amendment does not include an

2

Case 2:15-cv-00509-PP   Filed 02/01/16   Page 2 of 3   Document 23

unqualified right to select one's own attorney. See Wheat v. United States, 486 U.S. 143, 158-59 (1988). Third, even if Heck did not bar the plaintiff from bringing an ineffective assistance counsel claim in a §1983 action, the plaintiff has not alleged that Attorney Rosen was ineffective. Finally, if the plaintiff had wanted to represent himself at the appellate level, he has that right, see Faretta v. California, 422 U.S. 806 (1975), and he simply could have fired Attorney Rosen. For all of these reasons, the court will deny the plaintiff's motion for reconsideration.

The court reminds the plaintiff that if he wants to proceed on his claims that he was mistreated at the Milwaukee County Jail, he must file an amended complaint by **February 19, 2016**. If the plaintiff does not file an amended complaint by **February 19, 2016**, the court may dismiss his case.

The court **DENIES** the plaintiff's petition to review decision (Dkt. No. 22).

Dated in Milwaukee, Wisconsin this 1st day of February, 2016.

BY THE COURT:

_____
HON. PAMELA PEPPER
United States District Judge