# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

**ENNIS LEE BROWN,**

                 Plaintiff,

v.

                                    **Case No. 15-cv-509-pp**
                                    **Appeal No. 16-1622**

**MICHAEL J. HICKS, et al.,**

                 Defendants.

---

**DECISION AND ORDER DENYING PLAINTIFF'S MOTION TO APPOINT COUNSEL (DKT. NO. 35), DENYING PLAINTIFF'S MOTION TO AMEND COMPLAINT (DKT. NO. 36), DENYING PLAINTIFF'S MOTION TO COMPEL DISCOVERY (DKT. NO. 37), GRANTING PLAINTIFF'S MOTION FOR LEAVE TO APPEAL *IN FORMA PAUPERIS* (DKT. NO. 40), DENYING PLAINTIFF'S MOTION TO AMEND RECORD (DKT. NO. 43), DENYING AS MOOT PLAINTIFF'S MOTION FOR LEAVE TO APPEAL *IN FORMA PAUPERIS* (DKT. NO. 49), AND DIRECTING PLAINTIFF TO FORWARD $11.89 TO CLERK OF COURT BY MAY 16, 2016, AS INITIAL PARTIAL FILING FEE IN APPEAL**

---

On January 12, 2016, the court screened the plaintiff's §1983 complaint under 28 U.S.C. § 1915A, determining that the plaintiff could not challenge his criminal conviction in a federal civil rights action under §1983. Dkt. No. 21 at 12-14. The court also noted that the complaint contained brief allegations suggesting that the plaintiff was trying to raise claims regarding his conditions of confinement at the Milwaukee County Jail. The court told the plaintiff that if he wanted the court to consider those allegations, he should file an amended complaint with details about what happened, when it happened, and who was involved. Id. at 14.

1

The plaintiff filed both a motion for reconsideration of the court's screening order (Dkt. No. 24) and an amended complaint (Dkt. No. 25). On March 17, 2016, the court denied the plaintiff's motion for reconsideration of the screening order. Dkt. No. 29. In that order, the court also determined that the plaintiff could not proceed on his amended complaint because it simply reiterated his original complaint allegations. Dkt. No. 29 at 5. The court noted that the plaintiff had not provided any details about a potential conditions of confinement claim at the Milwaukee County Jail. Id. Accordingly, the court dismissed the case, and the clerk of court entered judgment on March 21, 2016. Dkt. No. 33.

On March 21, 2016, the plaintiff filed a notice of appeal of the court's March 17, 2016, order. Dkt. No. 30. On March 24, 2016, he filed a motion for leave to appeal *in forma pauperis*. Dkt. No. 40. On April 5, 2016, the United States Court of Appeals for the Seventh Circuit issued an order stating that on April 4, 2016, the plaintiff also had filed a petition to appeal *in forma pauperis* in the appellate court, and it ordered the clerk of the appellate court to transfer the motion to the clerk of the district court for a ruling on the motion. Dkt. No. 48. So the clerk of the district court docketed a second motion to appeal *in forma pauperis* on April 5, 2016. Dkt. No. 49. The clerk also docketed, along with this motion, the prisoner's trust fund account statement for the six-month period before he filed his appeal. Dkt. No. 50.

## I. MOTIONS FOR LEAVE TO APPEAL *IN FORMA PAUPERIS* (DKT. NOS. 40, 49)

On January 12, 2016, this court granted the plaintiff's motion to proceed *in forma pauperis* on the district court case. Dkt. No. 21. A plaintiff who was allowed to proceed *in forma pauperis* in the district court does not need "further authorization" to proceed *in forma pauperis* in the court of appeals, unless (a) the district court certifies that the appeal wasn't filed in good faith, or (b) a statute says otherwise. Fed. R. App. P. 24(a)(3). In considering the plaintiff's request to proceed *in forma pauperis* before the district court, this court determined that the plaintiff met the indigence requirement of 28 U.S.C. § 1915(a)(1) and that his claims were neither malicious nor frivolous. As a result, this court does not find any indication that the plaintiff's appeal is not taken in good faith. The remaining question is whether there is another statute that requires the plaintiff to pay the appellate filing fee.

Under the Prison Litigation Reform Act, a prisoner must pay the applicable filing fees in full for a civil action. 28 U.S.C. § 1915(b). If a prisoner does not have the money to pay the $505.00 filing fee in advance for an appeal, he or she can request leave to proceed *in forma pauperis*. To proceed with district court lawsuit or an appeal *in forma pauperis*, the prisoner must complete a petition and affidavit to proceed *in forma pauperis* and return it to the court along with a certified copy of the prisoner's trust account statement showing transactions for the prior six months. 28 U.S.C. § 1915(a)(2). The court must assess an initial filing fee of twenty percent of the average monthly

deposits to the plaintiff's prison account or average monthly balance in the plaintiff's prison account for the six-month period immediately preceding the filing of the notice of appeal, whichever is greater. 28 U.S.C. § 1915(b)(1).

After the initial fee is paid, the prisoner must make monthly payments of twenty percent of the preceding month's income until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2). The agency which has custody of the prisoner will collect the money and send payments to the court. No payment is required in months when the prisoner's preceding month's income is $10.00 or less. Id.

Along with his request to appeal *in forma pauperis* that he filed in the Seventh Circuit, the plaintiff filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his notice of appeal. Dkt. No. 50. A review of this information reveals that the plaintiff must pay an initial partial filing fee of $11.89, followed by the monthly balance payments required by 28 U.S.C. § 1915(b)(2). Newlin v. Helman, 123 F.3d 429, 434 (7th Cir. 1997), rev'd on other grounds by, Walker v. O'Brien, 216 F.3d 626 (7th Cir. 2000) and Lee v. Clinton, 209 F.3d 1025 (7th Cir. 2000). The court will grant the plaintiff's March 24, 2016 motion to appeal *in forma pauperis*, Dkt. No. 40, and will set a deadline for him to pay the initial partial appellate filing fee. The court will deny as moot the motion the plaintiff originally filed in the Seventh Circuit; that motion is duplicative of the motion he filed with this court. Dkt. No. 49.

## II. OTHER MOTIONS FILED AFTER THE PLAINTIFF FILED HIS NOTICE OF APPEAL

Since he filed his notice of appeal on March 21, 2016, the plaintiff has filed several other motions. On March 23, 2016, he filed a motion asking the court to appoint counsel. Dkt. No. 35. It appears that the plaintiff is asking this district court to appoint counsel to represent him in the district court. Id. Because the plaintiff has appealed this court's decision to the court of appeals, however, this court no longer has jurisdiction to rule on the substantive issues in his case, and there is nothing for an attorney to do in the district court. The court will deny this motion.

Also on February 23, 2016, the plaintiff filed a motion asking this court to allow him to amend his complaint. Dkt. No. 36. Again, there is no longer a substantive case pending before the district court; the plaintiff has appealed, and the case now resides with the Seventh Circuit. A plaintiff cannot amend his complaint after his case has been dismissed and he has appealed that decision to a higher court. The court will deny this motion.

Again on March 23, 2016, the plaintiff filed a motion asking the court to require the clerk of the Milwaukee County Circuit Court to provide him with certain documents. Dkt. No. 37. The court has dismissed and closed the plaintiff's case; it is too late for him to request discovery. The court will deny this motion.

On March 28, 2016, the plaintiff filed a motion asking the court to amend the district court record. Dkt. No. 43. The plaintiff objected to the identification of Michael J. Hicks as the "lead defendant," and objected to this

5

court's dismissal of the complaint. Id. Again, because the plaintiff has appealed to the Seventh Circuit, this court does not have the authority to decide that motion; he must raise those issues with the Seventh Circuit. The court will deny that motion.

### III. CONCLUSION

The court **DENIES** the plaintiff's motion to appoint counsel. Dkt. No. 35.

The court **DENIES** the plaintiff's motion to amend the complaint. Dkt. No. 36.

The court **DENIES** the plaintiff's motion to compel discovery. Dkt. No. 37.

The court **GRANTS** the plaintiff's motion for leave to appeal *in forma pauperis*. Dkt. No. 40.

The court **DENIES** the plaintiff's motion to amend the record. Dkt. No. 43.

The court **DENIES AS MOOT** the motion the plaintiff filed in the Seventh Circuit for leave to appeal *in forma pauperis*. Dkt. No. 49.

The court **ORDERS** that by **May 16, 2016**, the plaintiff shall forward to the Clerk of Court the sum of **$11.89** as the initial partial filing fee in this appeal. The plaintiff's failure to comply with this order may result in dismissal of this appeal. The payment shall be clearly identified by the case name and number assigned to this action.

The court **ORDERS** that after the initial filing fee has been paid, the Secretary of the Wisconsin Department of Corrections or his designee shall collect from the plaintiff's prison trust account the balance of the filing fee

($493.11) by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the plaintiff's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10.00 in accordance with 28 U.S.C. § 1915(b)(2). The Secretary or his designee shall clearly identify the payments by the case name and number assigned to the appeal (Appeal No. 16-1622).

The court will mail copies of this order to the Warden of the institution where the plaintiff is confined (Waupun Correctional Institution), and to PLRA Attorney, United States Court of Appeals for the Seventh Circuit, 219 S. Dearborn Street, Rm. 2722, Chicago, Illinois 60604.

Dated in Milwaukee, Wisconsin this 19th day of April, 2016.

BY THE COURT:

_____
HON. PAMELA PEPPER
United States District Judge